1  EVAN C. BORGES, State Bar No. 128706
     *EBorges@GGTrialLaw.com*
2  GREENBERG GROSS LLP
   650 Town Center Drive, Suite 1700
3  Costa Mesa, California 92626
   Telephone: (949) 383-2800
4  Facsimile: (949) 383-2801

5  Attorneys for Defendant Erika Girardi

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GIRARDI KEESE,<br><br>    Debtors.<br><br>ELISSA D. MILLER, solely in her capacity as chapter 7 trustee,<br><br>    Plaintiff,<br><br>    v.<br><br>ERIKA GIRARDI aka ERIKA JAYNE, an individual,<br><br>    Defendant. | Case No. 2:20-bk-21022-BR<br><br>Chapter 7<br><br>Adv No. 2:23-ap-01030-BR<br><br>**ANSWER OF DEFENDANT ERIKA GIRARDI TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Judge:   Hon. Barry Russell |

Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure and Rule 8 of the Federal Rules of Civil Procedure, Defendant Erika Girardi ("Defendant") hereby responds to Plaintiff's *Complaint For: (1) Avoidance and Recovery of Fraudulent Transfers; (2) Preservation of Fraudulent Transfers; and (3) Disallowance of Claims* (the "Complaint") as follows:

## STATEMENT OF JURISDICTION, NATURE OF PROCEEDING, AND VENUE

1. Responding to Paragraph 1 of the Complaint, Defendant admits that the Bankruptcy Court has limited jurisdiction over this adversary proceeding. Defendant, however, reserves and asserts all jurisdictional defenses, and does not consent to entry of a final order and judgment in this matter by the Bankruptcy Court. Further, Defendant with this Answer provides her Demand for Jury Trial, which entitles Defendant to a jury trial in District Court on the claims in the Complaint.

2. Responding to Paragraph 2 of the Complaint, Defendant admits the allegations therein.

## RELEVANT BACKGROUND, PARTIES, AND ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

3. Responding to Paragraph 3 of the Complaint, Defendant avers that she has never been an attorney; she never worked at Girardi Keese ("GK"); and she had no role in or knowledge of GK's management of its finances or handling of client matters both generally and as alleged in Paragraph 3. In addition, Defendant lacks knowledge or information sufficient to form a belief about the truth of the multiple conclusory, overbroad, and argumentative allegations about GK in Paragraph 3, which pursuant to Federal Rule 8, are therefore deemed denied. Further, the allegations in Paragraph 3 appear to be designed to garner media coverage, and allege facts that (1) Plaintiff likely will not even try to prove and/or will not be able to prove with actual evidence at trial, and (2) are not legally relevant to the limited issues and specifically the few alleged transactions at issue in the Complaint.

4. Responding to Paragraph 4 of the Complaint, Defendant admits that an

involuntary bankruptcy petition was filed against GK on or about December 18, 2020. Except as expressly admitted, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 4, which pursuant to Federal Rule 8, are therefore deemed denied.

5.     Responding to Paragraph 5 of the Complaint, Defendant admits that the Orders and court filings referenced in this paragraph were entered and filed, and speak for themselves.  Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 5.

6.     Responding to Paragraph 6 of the Complaint, Defendant admits that the Orders and court filing referenced in this paragraph were entered and filed, and speak for themselves.  Defendant has no knowledge or information sufficient to form a belief as to the truth of the allegation regarding the GK trustee serving as alleged "Successor-in-Interest Trustee of the Girardi Keese Client Trust Account," which pursuant to Federal Rule 8, is therefore deemed denied.  Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 6.

7.     Responding to Paragraph 7 of the Complaint, Defendant has no knowledge or information sufficient to form a belief as to the truth of the allegations therein, which pursuant to Federal Rule 8, are therefore deemed denied.

8.     Responding to Paragraph 8 of the Complaint, Defendant admits that Plaintiff was appointed chapter 7 trustee after the Petition Date.  The remaining allegations of Paragraph 8 assert Plaintiff's positions, legal conclusions, and reservations of rights as to which no response is required.  To the extent a response is required, Defendant has no knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8, which pursuant to Federal Rule 8, are therefore deemed denied.

9.     Responding to Paragraph 9 of the Complaint, Defendant admits that she resides within the jurisdiction of this Court; that in early November 2020, Defendant filed for divorce and separated from Thomas Girardi ("TG"); and that since that time, Defendant has been residing in a rental.  Except as expressly admitted, Defendant denies the

allegations of Paragraph 9.

10. Responding to Paragraph 10 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the multiple, conclusory allegations about GK in Paragraph 10, which pursuant to Federal Rule 8, are therefore deemed denied. In addition, the allegations in Paragraph 10 appear designed solely to garner media coverage, and allege facts that (1) Plaintiff likely will not even try to prove and/or will not be able to prove with actual evidence at trial, and (2) are not legally relevant to the limited issues and specifically the few alleged transaction at issue in the Complaint.

11. Responding to Paragraph 11 of the Complaint, Defendant does not currently have in her possession, custody, or control records or documents regarding the transactions that are alleged. Defendant requests that Plaintiff produce to Defendant all such documents and records. Without the ability to see the underlying records, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 or Exhibit A to the Complaint, which according to Federal Rule 8, are therefore deemed denied. Defendant reserves the right to supplement and amend this Answer upon receiving the underlying records identifying and discussing the transactions at issue, which records are exclusively in the possession of Plaintiff.

12. Responding to Paragraph 12 of the Complaint, Defendant admits that during the time of the transactions alleged in the Complaint, she was not an attorney, employee, agent, consultant, or client of GK. Except as expressly admitted, Defendant denies the allegations of Paragraph 12.

## FIRST CLAIM FOR RELIEF

**(Avoidance and Recovery of Fraudulent Transfer Pursuant to 11 U.S.C. §§ 544(b) and 550(a) and California Civil Code §§ 3439.04(a)(1), 3439.07, and 3439.09)**

13. Responding to Paragraph 13 of the Complaint, Defendant incorporates by reference, as though set forth in full herein, her responses to Paragraphs 1 through 12.

14. Responding to Paragraph 14 of the Complaint, Defendant lacks knowledge

or information sufficient to form a belief as to the truth of the allegations therein, which pursuant to Federal Rule 8, are therefore deemed denied.

15. Responding to Paragraph 15 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein, which pursuant to Federal Rule 8, are therefore deemed denied.

16. Responding to Paragraph 16 of the Complaint, Defendant denies the allegations therein.

17. Responding to Paragraph 17 of the Complaint, Defendant denies the allegations therein.

## SECOND CLAIM FOR RELIEF

**(Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544(b) and 550 and California Civil Code §§ 3439.04(a)(2) and 3439.07)**

18. Responding to Paragraph 18 of the Complaint, Defendant incorporates by reference, as though set forth in full herein, her responses to Paragraphs 1 through 17.

19. Responding to Paragraph 19 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein, which pursuant to Federal Rule 8, are therefore deemed denied.

20. Responding to Paragraph 20 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein, which pursuant to Federal Rule 8, are therefore deemed denied.

21. Responding to Paragraph 21 of the Complaint, Defendant denies the allegations therein.

22. Responding to Paragraph 22 of the Complaint, Defendant denies the allegations therein.

## THIRD CLAIM FOR RELIEF

**(Recovery of Avoided Transfers or the Value Thereof Pursuant to 11 U.S.C. § 550(a))**

23. Responding to Paragraph 23 of the Complaint, Defendant incorporates by reference, as though set forth in full herein, her responses to Paragraphs 1 through 22.

24. Responding to Paragraph 24 of the Complaint, Defendant denies the allegations therein.

25. Responding to Paragraph 25 of the Complaint, Defendant denies the allegations therein.

## FOURTH CLAIM FOR RELIEF

**(Preservation of Transfers Avoided Pursuant to 11 U.S.C. § 551)**

26. Responding to Paragraph 26 of the Complaint, Defendant incorporates by reference, as though set forth in full herein, her responses to Paragraphs 1 through 25.

27. Responding to Paragraph 27 of the Complaint, Defendant denies the allegations therein.

## FIFTH CLAIM FOR RELIEF

**(For Disallowance of Claims Pursuant to 11 U.S.C. § 502(d))**

28. Responding to Paragraph 28 of the Complaint, Defendant incorporates by reference, as though set forth in full herein, her responses to Paragraphs 1 through 27.

29. Responding to Paragraph 29 of the Complaint, Defendant denies the allegations therein.

## RESPONSE TO PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief requested in the Complaint, or to any relief, against Defendant.

## AFFIRMATIVE DEFENSES

Without waiving or excusing Plaintiff's burden of proof, or admitting that Defendant has any burden of proof, Defendant asserts the following affirmative defenses:

### First Affirmative Defense

**(Failure to State a Claim)**

1. The Complaint fails to state a claim against Defendant, in whole or part, upon which relief can be granted.

### Second Affirmative Defense

### (Statute of Limitations )

2. The Complaint is barred, in whole or in part, by the applicable statutes of limitation or statute of repose.

### Third Affirmative Defense

### (Good Faith)

3. The Complaint is barred, in whole or in part, on the ground that Defendant's conduct was undertaken in good faith.

### Fourth Affirmative Defense

### (Solvency)

4. The Complaint is barred, in whole or in part, on the ground that GK was solvent during the time of the transactions alleged.

### Fifth Affirmative Defense

### (Not Unreasonably Small Assets)

5. The Complaint is barred, in whole or in part, on the ground that during the time of the transactions alleged, GK was not engaged nor about to engage in a business or a transaction for which the remaining assets of GK were unreasonably small.

### Sixth Affirmative Defense

### (No Debts Beyond Ability to Pay)

6. The Complaint is barred, in whole or in part, on the ground that during the time of the transactions alleged, GK did not intend to incur, believe, or reasonably should have believed that GK would incur debts beyond GK's ability to pay as they came due.

### Seventh Affirmative Defense

### (Reasonably Equivalent Value)

7. The Complaint is barred, in whole or in part, on the ground that Defendant provided reasonably equivalent value in exchange for the transfer at issue.

## Eighth Affirmative Defense

### (Waiver and Estoppel)

8. The Complaint is barred, in whole or in part, based on the doctrines of waiver and/or estoppel.

## Ninth Affirmative Defense

### (Laches)

9. The Complaint is barred, in whole or in part, based on the doctrine of laches.

## Tenth Affirmative Defense

### (Lack of Causation)

10. The Complaint is barred, in whole or in part, on the ground that any alleged damages suffered by GK or the GK Trustee were not caused by any action or inaction of Defendant.

## Eleventh Affirmative Defense

### (Setoff or Recoupment)

11. The Complaint is barred, in whole or in part, on the grounds of setoff or recoupment.

## Twelfth Affirmative Defense

### (Vague and Uncertain)

12. The Complaint is barred, in whole or in part, on the ground that it fails to allege claims with sufficient particularity to allow Defendant to respond and ascertain what other defenses may exist.

## Thirteenth Affirmative Defense

### (Unclean Hands)

13. The Complaint is barred, in whole or in part, based on the doctrine of unclean hands.

## Fourteenth Affirmative Defense

### (Failure to Mitigate)

14. The Complaint is barred, in whole or in part, based on the doctrine of failure

to act reasonably to mitigate alleged damages, if any.

### Fifteenth Affirmative Defense

### (In Pari Delicto)

15. The Complaint is barred, in whole or in part, based on the doctrine of *in pari delicto*.

### Sixteenth Affirmative Defense

### (Reservation of Rights)

16. Defendant hereby reserves and asserts all affirmative defenses available under federal law and state law applicable to the claims asserted in the Complaint.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays that:

1. Plaintiff take nothing by the Complaint;
2. The Court dismiss the Complaint and enter judgment in favor of Defendant;
3. The Court enter an award in favor of Defendant of attorneys' fees and costs of suit, as permitted by law;
4. For such other and further relief as the Court may deem just and proper.

DATED: February 17, 2023        GREENBERG GROSS LLP

By: _____
Evan C. Borges
Attorneys for Defendant Erika Girardi

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury to the fullest extent permitted by law. Defendant does not consent to a jury trial before the Bankruptcy Court.

DATED: February 17, 2023        GREENBERG GROSS LLP

By: /s/ Evan C. Borges
Evan C. Borges
Attorneys for Defendant Erika Girardi

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

650 Town Center Drive, Suite 1700
Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (*specify*): **ANSWER OF DEFENDANT ERIKA GIRARDI TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 17, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **February 17, 2023,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____**,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 17, 2023 | Cheryl Winsten | *(signature)* |
|---|---|---|
| Date | Printed Name | Signature |

**In re GIRARDI KEESE**
Case No. 2:20-bk-21022-BR
**Elissa D. Miller. Chapter 7 Trustee v. Erika Girardi aka Erika Jayne**
Case No. 2:23-ap-01030-BR

1.    **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING**:

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Asa S Hami**    asa.hami@gmlaw.com, ahami@ecf.courtdrive.com;patricia.dillamar@gmlaw.com;pdillamar@ecf.courtdrive.com

- **Daniel A Lev**    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

- **Elissa Miller (TR)**    CA71@ecfcbis.com, MillerTrustee@gmlaw.com;C124@ecfcbis.com;cheryl.caldwell@gmlaw.com; cheryl.caldwell@ecf.courtdrive.com

- **Ronald N Richards**    ron@ronaldrichards.com, 7206828420@filings.docketbird.com

- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

2.    **SERVED BY UNITED STATES MAIL:**

**U.S. Bankruptcy Court:**
U.S. Bankruptcy Court
Hon. Barry Russell
255 E. Temple Street, Courtroom 1668
Los Angeles, CA 90012

ANSWER OF DEFENDANT ERIKA GIRARDI TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL